Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1083 | **DATE** | 9/16/2010 |
| **CASE TITLE** | SKS & Associates et al. Vs. Village of Oak Lawn, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion (9) to dismiss the complaint in its entirety is granted and it is so ordered.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs, owners and operators of an apartment building in the Village of Oak Lawn (the "Village"), Illinois, brought a seven-count complaint against the Village, its manager, a Village inspector, and two Village board trustees, alleging claims for defamation (count I), violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. (counts II and IV), conspiracy under 42 U.S.C. § 1985(3) (count III), civil conspiracy (count V), and violations of procedural and substantive due process (counts VI and VII). Defendants move to dismiss the complaint in its entirety. For the following reasons, that motion is granted.

Plaintiffs assert RICO claims against the Village and its manager and trustees. Defendants argue that these counts must be dismissed as to the individual defendants because the complaint does not properly allege any predicate racketeering acts. The only predicate act alleged is that of the crime of intimidation, in violation of 720 ILCS 5/12-6(a)(6), which cannot sustain a RICO claim. (Compl. ¶ 51.) Plaintiffs do not dispute this, but claim that the complaint alleges misconduct that amounts to an interference with commerce under 18 U.S.C. § 1951 (the "Hobbs Act"), and that this predicate act sustains their RICO claims. (Resp. 3-4.) But, I cannot find any allegations in the complaint that suggest defendants violated 18 U.S.C. § 1951, and plaintiffs do not cite to any. *Id*; *see also* (Reply 6-8.) Accordingly, counts II and IV are dismissed as to the individual defendants. And, because municipalities are not liable for civil RICO claims, counts II and IV are also dismissed as to the Village. *See Reyes v. City of Chicago,* 585 F. Supp. 2d 1010, 1014 (N.D. Ill. 2008).

Count III alleges conspiracy under 42 U.S.C. § 1985(3), stating that defendants "conspired for the purpose of depriving Plaintiffs of their rights to due process when, motivated by personal and political considerations, they agreed to defame Plaintiffs" at two board meetings. (Compl. ¶ 55.) Simply put, the complaint fails to include allegations that plaintiffs were members of a protected class, that they advocated for a protected class, or that defendants conspired to deny them equal protection, essential elements of a § 1985 conspiracy claim. (*See* Compl.); *see also Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992)("§ 1985(3) does not reach bias based on economic status" or "nonracial political conspiracies"); *Robinson v. Sabis Educ. Sys., Inc.,* No. 98 C 4251, 1999 WL 414262, at * 14 (N.D. Ill. Jun. 4, 1999)(citing cases indicating a general rejection of non-

| STATEMENT |
|---|
| members alleging 1985(3) claims). Count III is dismissed.<br>      Counts VI and VII allege procedural and substantive due process violations, respectively. I agree with defendants that by basing these claims on the alleged improper issuance of Village code violation notices alone, plaintiffs have failed to sufficiently allege the deprivation of a liberty or property interest, or the inadequacy of available remedies. *See generally Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003)(requirements for substantive due process claim); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996)(requirements for procedural due process claim). Accordingly, counts VI and VII are dismissed.<br>      Because all the federal claims have been dismissed, plaintiffs' supplemental state law claims for defamation and civil conspiracy (counts I and V) are also dismissed. 28 U.S.C. § 1367(c)(3).<br>      Defendants' motion to dismiss is granted in full. |